498 F.2d 1091
 12 Fair Empl.Prac.Cas. 391,
21 Wage & Hour Cas. (BN 948,
8 Empl. Prac. Dec. P 9623
Carol Ann CUPPLES, Plaintiff-Appellant,
v.
TRANSPORT INSURANCE COMPANY, and the Transport Management
Company, Defendants-Appellees.
 No. 74-1854. Summary Calendar.*
*Rule 18, 5th Cir., Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 21, 1974.
 Edward B. Cloutman, III, Dallas, Tex., for plaintiff-appellant.
 George W. Bramblett, Jr., Dallas, Tex., for defendants-appellees.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 In an individual action, Mrs. Carol Ann Cupples sued her former employer, who had discharged her, charging that as a female she had been the victim of discrimination with respect to hiring, job classifications, and promotions, as well as terms and conditions of employment, 42 U.S.C. 2000e-2(a) and (d); 42 U.S.C. 2000e-3; 29 U.S.C. 206(d)(1).
 
 
 2
 The district Court found for the employer, Cupples v. Transport Insurance Company, 371 F.Supp. 146 (1974). We affirm.
 
 
 3
 In suits alleging discrimination in employment practices as to identified individuals, findings of fact by district courts may be set aside only if unsupported by substantial evidence, Bolton v. Murray Envelope Corporation, 5 Cir., 1974, 493 F.2d 191. In all aspects, this case was clearly of that type and the Bolton rule mandates an affirmance. In the evidentiary posture of the case, the same would have been true and the trial court held the other way. This leaves no room for appellate revision of the judgment below.
 
 
 4
 Affirmed.